AO 466A (Rev. 01/09) Waiver of Rule 5 & 5.1 Hearings (Complaint or Indictment)

# UNITED STATES DISTRICT COURT
for the

Northern District of Ohio

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | Case No.   1:09-mj-4050 |
| PETER OUZTS | ) | |
| | ) | Charging District's Case No.   CR-09-01051-JF |
| Defendant | ) | |

FILED
2009 NOV -4 PM 5: 17
CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
CLEVELAND

## WAIVER OF RULE 5 & 5.1 HEARINGS
(Complaint or Indictment)

I understand that I have been charged in another district, the *(name of other court)* Northern DISTRICT OF CALIFORNIA.

I have been informed of the charges and of my rights to:

(1) retain counsel or request the assignment of counsel if I am unable to retain counsel;

(2) an identity hearing to determine whether I am the person named in the charges;

(3) production of the warrant, a certified copy of the warrant, or a reliable electronic copy of either;

(4) a preliminary hearing within 10 days of my first appearance if I am in custody and 20 days otherwise — unless I am indicted — to determine whether there is probable cause to believe that an offense has been committed;

(5) a hearing on any motion by the government for detention;

(6) request transfer of the proceedings to this district under Fed. R. Crim. P. 20, to plead guilty.

I agree to waive my right(s) to:

☑ an identity hearing and production of the warrant.

☐ a preliminary hearing.

☐ a detention hearing.

☑ any preliminary or detention hearing to which I may be entitled in this district. I request that those hearings be held in the prosecuting district, at a time set by that court.

I consent to the issuance of an order requiring my appearance in the prosecuting district where the charges are pending against me.

Date:   November 4, 2009

_____
Defendant's signature

_____
Signature of defendant's attorney

Carolyn M Kucharski - For R.5 hg only
_____
Printed name of defendant's attorney

✗ no cover letter

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| UNITED STATES OF AMERICA | **APPEARANCE BOND** |
| v. | Case Number: 1:09-mj-4050 |
| PETER OUZTS | |
| Defendant | |

☒ Non-surety: I, the undersigned defendant acknowledge that I ~~and my . . .~~

☐ ~~Surety: We, the undersigned, jointly and severally acknowledge that we and our . . .~~

~~personal representatives, jointly and severally,~~ am bound to pay the United States of America the sum of $~~_____~~ ~~and there has been deposited in the Registry of the Court the sum of $~~ 50,000.XX ~~, in cash or~~ _____UNSECURED_____ (describe security).

The conditions of this bond are that the defendant, **PETER OUZTS** _____
is to appear before this court and at such other places as the defendant may be required to appear, in accordance with any and all orders and directions relating to the defendant's appearance in this case, including appearance for violation of a condition of the defendant's release as may be ordered or notified by this court or any other United States District Court to which the defendant may be held to answer or the cause transferred. The defendant is to abide by any judgment entered in such matter by surrendering to serve any sentence imposed and obeying any order or direction in connection with such judgment.

It is agreed and understood that this is a continuing bond (including any proceeding on appeal or review) which shall continue until such time as the undersigned are exonerated.

If the defendant appears as ordered or notified and otherwise obeys and performs the foregoing conditions of this bond, then this bond is to be void but if the defendant fails to obey or perform any of these conditions, payment of the amount of this bond shall be due forthwith. Forfeiture of this bond for any breach of its conditions may be declared by any United States District Court having cognizance of the above entitled matter at the time of such breach and if the bond is forfeited and if the forfeiture is not set aside or remitted, judgment may be entered upon motion in such United States District Court against each debtor jointly and severally for the amount above stated, together with interest and costs, and execution may be issued and payment secured as provided by the Federal Rules of Criminal Procedure and any other laws of the United States.

This bond is signed on 11/4/2009 at Courtroom 10B, 801 West Superior Avenue, Cleveland, Ohio

Defendant: _[signature]_

Surety: _____

Surety: _____

Signed and acknowledged before me on 4 Nov. 2009

APPROVED: _[signature]_
U.S. District Judge/U.S. Magistrate Judge

GERI M. SMITH, CLERK OF COURT
By s/ Wanda Golden, Deputy Clerk

## SEE "ORDER SPECIFYING METHODS AND CONDITIONS OF RELEASE" AS TO SPECIFIC CONDITIONS OF THE BOND

UNITED STATES DISTRICT COURT
Northern District of Ohio

FILED
2009 NOV -4 PM 5: 18
CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
CLEVELAND

UNITED STATES OF AMERICA,

Plaintiff,

v.

PETER OUZTS

Defendant.

**ORDER SETTING CONDITIONS OF RELEASE**

CASE NUMBER: 1:09-mj-4050

## Release on Personal Recognizance, Unsecured, or Secured Bond

IT IS ORDERED that the defendant be released provided that:

### Personal Recognizance

( )   1. The defendant promises to appear at all proceedings as required and to surrender for service of any sentence imposed.

### Unsecured

(✓)   2. The defendant executes an unsecured bond binding the defendant to pay the United States the sum of  Fifty thousand 50,000.xx dollars ($50,000.xx) in the event the defendant fails to appear as required or fails to surrender for service of any sentence imposed.

### Secured Bond (Cash or 10%)

( )   3. The defendant executes a secured bond binding the defendant to pay the United Sates the sum of $_____ dollars, and there has been deposited in the Registry of the Court the sum of $_____, in (cash, 10% or describe surety) in the event the defendant fails to appear as required or fails to surrender for service on any sentence imposed.

### Secured Bond (Property)

( )   4. The defendant executes an agreement to forfeit upon failing to appear as required, property of a sufficient unencumbered value, including money, and shall provide the court with proof of ownership and the value of the property along with information regarding existing encumbrances as the judicial office may require.

## Standard Conditions of Release

( x )   5. The defendant shall not commit any offense in violation of federal, state or local law while on release in this case.

( x )   6. The defendant shall immediately advise the Pretrial Services Office and defense counsel in writing before any change in address and telephone number. Pretrial Services shall notify the U.S. Attorney of any changes.

( x )   7. The Defendant shall refrain from possessing a firearm, destructive device or dangerous weapon.

( x )   8. Defendant's travel is restricted to the Northern District of Ohio and/or  Northern California for ct proceedings + to meet w/ counsel  subject to further order of the court.

( x )   9. Refrain from use or unlawful possession of a narcotic drug or other controlled substance defined in 21 U.S.C. Section 802 unless prescribed by a licensed medical practitioner.

( x )  10. The defendant shall appear at all proceedings as required and shall surrender for service of any sentence imposed as directed.

( x )  11. **Pretrial Supervision (Check Box "A" or "B")**

   ( )   A. Submit to Pretrial Services supervision by telephone/fax/mail for the limited purpose of confirming residence and employment. Further conditions may be imposed with approval of a judge of the court.

   (X)   B. Submit to Pretrial Services supervision as directed, and submit to home or employment visits by Pretrial Services as deemed necessary, and promptly inform Pretrial Services of any address, phone number, or employment changes.

## Special Conditions of Release

Upon finding that release by one of the above methods will not by itself reasonable assure the appearance of the defendant and the safety of other persons and the community.

IT IS FURTHER ORDERED that the release of the defendant is subject to the special conditions marked below:

The defendant shall:

( )   A. The defendant shall comply with the Northern district of Ohio Offender Employment Policy which may include participation in training, education, counseling, and/or daily job search as directed by the pretrial services and probation officer. If not in compliance with the condition of supervision requiring full-time employment at a lawful occupation, the defendant may be directed to perform up to 20 hours of community service per week until employed, as approved or directed by the pretrial services and probation officer.

( )   B. Maintain or commence an education program.

(✓)   C. Surrender any passport to: _Clerk of Court_ no later than _Nov. 5th, 2009 by 4PM_ and/or obtain no new passport.

( )   D. Submit to any method of testing required by the pretrial services office or the supervising officer for determining whether the defendant is using a prohibited substance. Such methods may be used with random frequency and include urine testing, the wearing of a sweat patch, a remote alcohol testing system, and/or any form of prohibited substance screening or testing. Participate in a program of inpatient or outpatient substance abuse therapy and counseling if deemed advisable by the pretrial services office or supervising officer.

( )   E. Refrain from any use of alcohol.

( )   F. Undergo a psychiatric/mental health evaluation and/or counseling as directed by Pretrial Services. Take all medications as prescribed.

( )   G. Avoid all contact with co-defendants.

( )   H. Avoid all contact, directly or indirectly, with any persons who are or who may become a victim or potential witness in the subject investigation or prosecution.

( )   I. Maintain residence with/at: _____

( )   J. Clear all outstanding warrants by:_____

( )   K. Location Monitoring Program

    ( )   Participate in the **Curfew** component of the location monitoring program and abide by all requirements of the program which will include:

        ( )   Location monitoring technology at the discretion of the officer
        ( )   Radio Frequency (RF) Monitoring
        ( )   Passive GPS Monitoring
        ( )   Active GPS Monitoring (to include hybrid GPS)

You shall pay the cost of the program based upon your ability to pay as determined by the pretrial services office or supervising officer. <u>Curfew</u>: the defendant is restricted to their residence every day from _____ to _____, or as directed by Pretrial Services.

    ( )   Participate in the **Home Detention** component of the location monitoring program and abide by all requirements of the program which will include:

        ( )   Location monitoring technology at the discretion of the officer
        ( )   Radio Frequency (RF) Monitoring
        ( )   Passive GPS Monitoring
        ( )   Active GPS Monitoring (to include hybrid GPS)

You shall pay the cost of the program based upon your ability to pay as determined by the pretrial services office or supervising officer. <u>Home Detention</u>: The defendant is restricted to their residence at all times except for employment; education; religious services; medical, substance abuse, or mental health treatment; attorney visits; court appearances; court-ordered obligations; or other activities as pre-approved by Pretrial Services.

    ( )   Participate in the **Home Incarceration** component of the location monitoring program and abide by all requirements of the program which will include:

        ( )   Location monitoring technology at the discretion of the officer
        ( )   Radio Frequency (RF) Monitoring
        ( )   Passive GPS Monitoring
        ( )   Active GPS Monitoring (to include hybrid GPS)

You shall pay the cost of the program based upon your ability to pay as determined by the pretrial services office or supervising officer. <u>Home Incarceration</u>: The defendant is restricted to their residence at all times except for medical needs or treatment, religious services, attorney visits, and court appearances pre-approved by Pretrial Services.

( ) L. The defendant is placed in custody of: (Name of Person or Organization)_____

_____ (City and State) _____ (Telephone Number)

Who agrees (a) to supervise the defendant in accordance with all the conditions of release, (b) to use every effort to assure the appearance of the defendant at all scheduled court proceedings, and (c) to notify the court immediately in the event the defendant violates any conditions of release or disappears.

Signed by Custodian or Proxy:_____ Date:_____

(✓) M. Defendant to appear before Magistrate Judge Seeborg on 11/19/09 at 9:30 AM, San Jose Courthouse + Federal Bldg., 280 South 1st. Street, San Jose, CA

( ) N. _____

( ) O. _____

*[signature]*
United States Magistrate/District Court Judge

TO THE DEFENDANT:
YOU ARE ADVISED OF THE FOLLOWING PENALTIES AND SANCTIONS:

A violation of any of the foregoing conditions of release may result in the immediate issuance of a warrant for your revocation of release, an order of detention, and a prosecution for contempt of court and could result in a term of imprisonment, a fine, or both.

The commission of a Federal offense while on pretrial release will result in an additional sentence of a term of not more than ten years, if the offense is a felony; or a term of imprisonment of not more than one year, if the offense is a misdemeanor. The sentence shall be in addition to any other sentence.

Federal law makes it a crime punishable by up to 10 years of imprisonment, and a $250,000 fine or both to obstruct a criminal investigation. It is a crime punishable by up to ten years of imprisonment, and a $250,000 fine or both to tamper with a witness, victim, or informant; to retaliate or attempt to retaliate against a witness, victim or informant; or to intimidate or attempt to intimidate a witness, victim, juror, informant, or officer of the court. The penalties for tampering, retaliation, or intimidation are significantly more serious if they involve a killing or attempted killing.

If after release, you knowingly fail to appear as required by the conditions of release, or to surrender for the service of sentence, you may be prosecuted for failing to appear or surrender and additional punishment may be imposed. If you are convicted of:

1) an offense punishable by death, life imprisonment, or imprisonment for a term of fifteen years or more, you shall be fined not more than $250,000 or imprisoned for not more than 10 years, or both:

2) an offense punishable by imprisonment for a term of five years or more, but less than fifteen years, you shall be fined not more than $250,000 or imprisonment for not more than five years, or both;

3) any other felony, you shall be fined not more than $250,000 or imprisoned not more than two years, or both;

4) a misdemeanor, you shall be fined not more than $100,000 or imprisoned not more than one year, or both.

A term of imprisonment imposed for failure to appear or surrender shall be in addition to the sentence for any other offense. In addition, a failure to appear or surrender may result in the forfeiture of any bond posted.

### Acknowledgment of Defendant

I acknowledge that I am the defendant in this case and that I am aware of the conditions of release. I promise to obey all conditions of release, to appear as directed, and to surrender for service of any sentence imposed. I am aware of the penalties and sanctions set forth above.

_____
Signature of Defendant:

City and State: Rocky River OH      Telephone: 4402134902

### Directions to United States Marshal

(X) The defendant is ORDERED released after processing.
( ) The United States Marshal is ORDERED to keep the defendant in custody until notified by the clerk or judge that the defendant has posted bond and/or complied with all other conditions for release. The defendant shall be produced before the appropriate judge at the time and place specified, if still in custody.

Date: 4 Nov. 2009

_____
Signature of Judicial Officer

Nancy A. Vecchiarelli, United States Magistrate Judge
Name and Title of Judicial Officer

O 442 (Rev. 5/93) Warrant for Arrest

# United States District Court
## Northern District of California

UNITED STATES OF AMERICA,

V.

**Peter Ouzts**

WARRANT FOR ARREST

**1: 09 MJ 4050**

Case Number: **CR-09-01051-JF**

To: The United States Marshal
and any Authorized United States Officer

YOU ARE HEREBY COMMANDED to arrest ___**Peter Ouzts**___

and bring him or her forthwith to the nearest magistrate judge to answer a(n)

(X) Indictment  ( ) Information  ( ) Complaint
( ) Order of Court  ( ) Violation Notice  ( ) Probation Violation Petition

charging him or her with: See Below

**Count 1** - 18:371- Conspiracy to Commit False, Fraudulent, or Fictitious Claims
**Count 2** — 18:287- False, Fraudulent, or Fictitious Claims
**Count 3** — 18:1001-False Statement to a Government Agency

FILED 2009 NOV -4 AM 11:59 CLERK US DISTRICT COURT NORTHERN DISTRICT OF OHIO CLEVELAND

___Cita F. Escolano___
Name of Issuing Officer

___Cita F. Escolano___
Signature of Issuing Officer

___Deputy Clerk___
Title of Issuing Officer

___October 29, 2009, San Jose, CA___
Date and Location

Bail fixed at $___**NO BAIL**___   by   ___Patricia V. Trumbll___
Name of Judicial Officer

RETURN

This Warrant was received and executed with the arrest of the above-named defendant at **U.S. MARSHALS, SAN JOSE**

ORIGINAL WARRANT HELD BY
NOTIFY ABOVE OFFICE UPON ARREST
DO NOT MAKE RETURN ON THIS COPY

| Date received | Name and Title of Arresting Officer |
| Date of Arrest | |

No. **1:09 MJ 4050**
**CR-09 01051 JF PVT**

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN JOSE DIVISION

FILED 09 OCT 28 P 1:40
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
N.D. CA. SAN JOSE

E-filing

---

### THE UNITED STATES OF AMERICA
### vs.
### PETER OUZTS

## INDICTMENT

**COUNT ONE:** 18 U.S.C. § 371 - Conspiracy to Commit False, Fraudulent, or Fictitious Claims

**COUNTS TWO - FOUR:** 18 U.S.C. § 287 - False, Fraudulent, or Fictitious Claims

**COUNTS FIVE and SIX:** 18 U.S.C. § 1001 - False Statement to a Government Agency

*A true bill.*

_____
Deputy    Foreperson

Filed in open court this 28 day of Oct.

A.D. 2009

_____
Patricia V. Trumbull
United States Magistrate Judge

Bail. $ No Bail arrest warrant

DOCUMENT NO.
DISTRICT CO.
CRIMINAL CASE PRC

JOSEPH P. RUSSONIELLO (CASBN 44332)
United States Attorney

**1:09 MJ 4050**

**FILED**

2009 OCT 28 P 1:40

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
N.D. CA - San Jose

E-filing

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

PETER OUZTS,

    Defendant.

No. **CR-09 01051 JF -PVT**

VIOLATIONS: 18 U.S.C. § 371 – Conspiracy to Commit False, Fraudulent, or Fictitious Claims; 18 U.S.C. § 287 - False, Fraudulent, or Fictitious Claims; 18 U.S.C. § 1001 – False Statement to a Government Agency

SAN JOSE VENUE

## INDICTMENT

The Grand Jury charges:

### BACKGROUND

At all times relevant to this Indictment:

1. Defendant PETER OUZTS ("OUZTS") was employed with the Glenn Research Center of the National Aeronautics and Space Administration in Cleveland, Ohio. As a part of his assigned duties, OUZTS was assigned to work in Washington, D.C. from March 2004 through July 2008, and subsequently at Moffett Field in California during 2008 and 2009.

2. Unindicted co-conspirator PH, a friend of defendant OUZTS, was employed as an

INDICTMENT

1  Executive Assistant for the Office of the Under Secretary in the Department of Defense.

2      3. The National Aeronautics and Space Administration ("NASA") was an agency of the United States government responsible for the nation's space program.

4      4. On March 3, 2004, OUZTS purchased a boat for $81,000, which he subsequently docked at the Gangplank Marina in Washington, D.C. and used as his personal residence. PH signed the boat purchase agreement as a witness.

7      5. While residing in Washington, D.C. from April 2004 to July 2008, OUZTS failed to disclose to NASA travel officials that he was living on the boat he purchased on March 3, 2004. Additionally, during this period, OUZTS submitted fraudulent travel vouchers to NASA claiming unsubstantiated lodging expenses. As a result, OUZTS received over $200,000 in lodging reimbursements from NASA while residing in Washington D.C.

12     6. OUZTS' travel vouchers and expenses were audited by NASA in 2006. In response to this audit, on September 20, 2006, OUZTS submitted fraudulent receipts claiming that he was paying PH $1200 a month for a "rental property" at the Gangplank Marina. OUZTS submitted 5 identical receipts for the months of May, June, July, August, and September 2006. PH initialed each of the receipts that OUZTS provided to NASA.

17     7. OUZTS again submitted fraudulent receipts in 2007 claiming that he was renting a hotel room from PH for the following periods: May 15-24, 2007; June 5-14, 2007; June 25-July 6, 2007; July 16-21, 2007; and November 5-10, 2007. These receipts were made payable to PH and used the same Gangplank Marina address. Contrary to the earlier receipts submitted by OUZTS, PH did not initial any of these receipts.

22     8. On April 21, 2008, OUZTS submitted to NASA a fraudulent receipt for $1623.20 as substantiation for his rental expenses in February of 2008. OUZTS also submitted a photocopy of the front side of a check for $1623.20 payable to PH as proof of payment for his rental expenses. This check never cleared for payment.

26     9. On July 21, 2008, OUZTS was reassigned to NASA's Ames Research Center ("ARC") in Moffett Field, California.

28     10. On November 6, 2008, while residing in the Northern District of California, OUZTS

INDICTMENT      2

created and electronically signed travel vouchers claiming lodging expenses for the months of August, September, and October of 2008.

11. On February 5, 2009, OUZTS submitted a fraudulent rental agreement to NASA travel officials as substantiation for his lodging expenses from July 21, 2008, until December 25, 2008. The agreement contained fraudulent terms and a forged signature.

12. On February 24, 2009, while residing in the Northern District of California, OUZTS stated to NASA officials that he had been renting a boat slip from PH for $1200 a month during his time in Washington, D.C.

COUNT ONE: (18 U.S.C. § 371 – Conspiracy to Commit False, Fraudulent, or Fictitious Claims)

13. The factual allegations in paragraphs 1 through 12 are re-alleged and incorporated herein as if set forth in full.

14. Beginning on a date unknown, but by no later than on or about September 20, 2006, and continuing to on or about March 6, 2009, in the Northern District of California and elsewhere, the defendant

PETER OUZTS

and unindicted co-conspirator PH, did knowingly and intentionally conspire to commit acts and offenses against the laws of the United States, that is: the making and presentation of false, fraudulent, and fictitious claims against the United States, in violation of Title 18, United States Code, Section 371.

MANNER AND MEANS OF THE CONSPIRACY

15. It was part of the conspiracy between 2004 and 2008 that OUZTS regularly fraudulently claimed that he was paying PH $1,200 a month for a rental property at Gangplank Marina in travel vouchers submitted to NASA. After being audited by NASA officials, OUZTS submitted fraudulent receipts payable to PH as substantiation for this lodging expenses from March 2004 through August 2008.

16. It was further a part of the conspiracy that PH initialed these fraudulent receipts.

17. It was further part of the conspiracy that OUZTS subsequently claimed to NASA

INDICTMENT 3

officials on February 24, 2009, that he had been renting a boat slip from PH for $1,200 a month while residing in Washington, D.C.

### OVERT ACT COMMITTED IN FURTHERANCE OF THE CONSPIRACY

18. In furtherance of the conspiracy and to affect the objects thereof, at least one of the co-conspirators committed and caused to be committed in the Northern District of California and elsewhere, the following overt acts on or about the dates set forth below:

   a. On November 6, 2008, OUZTS signed and submitted to NASA officials the following three travel vouchers for August 1, 2008, through October 31, 2008:

      1. for August 1, 2008, through August 31, 2008, a travel voucher claiming $2,591.51 of expenses;

      2. for September 1, 2008, through September 30, 2008, a travel voucher claiming $2,700.00 in expenses; and

      3. for October 1, 2008, through October 31, 2008, a travel voucher claiming $2,767.51 in expenses.

   b. On February 5, 2009, OUZTS faxed to NASA Shared Services Center a fraudulent lease agreement between himself, Grace Schmidt, and Herb Schmidt for the alleged rental of a property located at 317 Centennial Street, Santa Cruz, CA. OUZTS provided this lease agreement as support and documentation for his living expenses from August 1, 2008, through October 31, 2008.

   c. On February 24, 2009, OUZTS claimed to NASA officials in email correspondence and a telephonic conversation that he had been renting a boat slip from PH for $1,200 a month while residing in Washington, D.C.

All in violation of 18 U.S.C. § 371.

COUNT TWO: (18 U.S.C. § 287 – False, Fraudulent, or Fictitious Claims)

19. The factual allegations in paragraphs 1 through 12 are hereby realleged and incorporated by reference as if set forth in full herein.

20. On or about November 6, 2008, in the Northern District of California, the defendant,

PETER OUZTS

INDICTMENT                                    4

1   made and falsely presented to NASA officials a voucher expense claim against NASA, that is,
2   the defendant falsely claimed lodging expenses for the period of August 1, 2008, through August
3   31, 2008, totaling $2,591.51, knowing that the claim was false in that the defendant was not
4   incurring the claimed lodging expenses during this period, in violation of 18 U.S.C. § 287.
5   COUNT THREE: (18 U.S.C. § 287 – False, Fraudulent, or Fictitious Claims)
6        21. On or about November 6, 2008, in the Northern District of California, the defendant,
7                               PETER OUZTS
8   made and falsely presented to NASA officials a voucher expense claim against NASA, that is the
9   defendant falsely claimed lodging expenses for the period of September 1, 2008, through
10   September 30, 2008, totaling $2,700.00, knowing that the claim was false in that the defendant
11   was not incurring the claimed lodging expenses during this period.
12   COUNT FOUR: (18 U.S.C. § 287 False, Fraud, or Fictitious Claims)
13        22. On or about November 6, 2008, in the Northern District of California, the defendant,
14                               PETER OUZTS
15   made and falsely presented to NASA officials a voucher expense claim against NASA, that is the
16   defendant falsely claimed lodging expenses for the period of October 1, 2008, through October
17   31, 2008, totaling $2,767.51.00, knowing that the claim was false in that the defendant was not
18   incurring the claimed lodging expenses during this period, in violation of 18 U.S.C. § 287
19   COUNT FIVE: (18 U.S.C. §1001 – False Statement to a Government Agency)
20        23. The factual allegations in paragraphs 1 through 12 are hereby realleged and
21   incorporated by reference as if set forth in full herein.
22        24. On February 5, 2009, in the Northern District of California, in a matter within the
23   jurisdiction of NASA, an agency of the United States, the defendant, PETER OUZTS, did
24   knowingly and willfully make and use a material false writing and document by presenting to
25   NASA a rental agreement, which the defendant represented as accurately reflecting his lodging
26   expenses from July 21, 2008 to December 25, 2008, when in truth and in fact, as the defendant
27   well knew, the defendant had altered and provided materially false information regarding the
28   signatories, terms, and dates on the rental agreement, in violation of 18 U.S.C. § 1001.

INDICTMENT                                 5

COUNT SIX: (18 U.S.C. §1001 – False Statement to a Government Agency)

23. The factual allegations in paragraphs 1 through 12 are hereby realleged and incorporated by reference as if set forth in full herein.

24. On February 24, 2009, in the Northern District of California, in a matter within the jurisdiction of NASA, an agency of the United States, the defendant, PETER OUTZS, did knowingly and willfully make and use a material false writing by claiming to NASA officials in email correspondence that he rented a boat slip from PII for $1200 a month while residing in Washington, D.C. from March 2004 to August 2008, when in truth and in fact, as the defendant well knew, at no point did he rent a boat slip or any lodging accommodation from PII during that period, in violation of 18 U.S.C. § 1001.

DATED:

A TRUE BILL.

FOREPERSON

JOSEPH P. RUSSONIELLO
United States Attorney

JEFFREY D. NEDROW
Deputy Chief, San Jose Branch Office

(Approved as to form: _____)
SAUSA STEVEN E. SEITZ

INDICTMENT 6

# ATTACHMENT TO PENALTY SHEET FOR PETER OUZTS

<u>COUNT ONE</u> (18 U.S.C. §371 – Conspiracy to Commit False, Fraudulent, or Fictitious Claims)

5 years imprisonment; 3 years of supervised release; $250,000 fine, and a special assessment of $100;

<u>COUNTS TWO THROUGH FOUR</u> (18 U.S.C. §287 – False, Fraudulent, or Fictitious Claims)

5 years imprisonment; 3 years of supervised release; $250,000 fine, and a special assessment of $100;

<u>COUNTS FIVE AND SIX</u> (18 U.S.C. §1001 – False Statement to a Government Agency)

5 years imprisonment; 3 years of supervised release; $250,000 fine, and a special assessment of $100;

AO 257 (Rev. 6/78)

**1:09 MJ 4050**

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT  ☐ INFORMATION  ☑ INDICTMENT  ☐ SUPERSEDING

---- OFFENSE CHARGED ----

18 U.S.C. 371 - Conspiracy to Commit False, Fraudulent, or Fictitious Claims; 18 U.S.C. 287 - False, Fraudulent, or Fictitious Claims; 18 U.S.C. 1001 - False Statement to a Government Agency

☐ Petty
☐ Minor
☐ Misdemeanor
☑ Felony

PENALTY:
See attached sheet

*E-filing*

---- Name of District Court, and/or Judge/Magistrate Location ----
NORTHERN DISTRICT OF CALIFORNIA

FILED

---- DEFENDANT - U.S. ----

▶ Peter Ouzts

2009 OCT 28 P 1:40

DISTRICT COURT NUMBER
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT

**CR-09 01051 JF**

---- DEFENDANT ---- PVT

**IS *NOT* IN CUSTODY**

1) ☑ Has not been arrested, pending outcome this proceeding. If not detained give date any prior summons was served on above charges ▶

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

---- PROCEEDING ----
Name of Complaintant Agency, or Person (&Title, if any)
NATIONAL AERONAUTICS SPACE ADMINISTRATION

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrP 20, 21 or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
☐ U.S. Att'y  ☐ Defense
☐ this prosecution relates to a pending case involving this same defendant
☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under ▶

SHOW DOCKET NO.

MAGISTRATE CASE NO.

Name and Office of Person Furnishing Information on THIS FORM     JOSEPH P. RUSSONIELLO
☑ U.S. Att'y  ☐ Other U.S. Agency

Name of Asst. U.S. Att'y
(if assigned)  SAUSA Steven F. Seitz

**IS IN CUSTODY**

4) ☐ On this charge

5) ☐ On another conviction

6) ☐ Awaiting trial on other charges   } ☐ Fed'l  ☐ State

If answer to (6) is "Yes", show name of institution

Has detainer been filed?  ☐ Yes  ☐ No   } If "Yes" give date filed

DATE OF ARREST ▶    Month/Day/Year

Or... if Arresting Agency & Warrant were not

DATE TRANSFERRED ▶   Month/Day/Year
TO U.S. CUSTODY

☐ This report amends AO 257 previously submitted.

---- ADDITIONAL INFORMATION OR COMMENTS ----

PROCESS:
☐ SUMMONS  ☐ NO PROCESS*  ☑ WARRANT   Bail Amount: None

If Summons, complete following:
☐ Arraignment  ☐ Initial Appearance
Defendant Address:

*Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Date/Time:
Before Judge:

Comments:

Termed

## U.S. District Court
## Northern District of Ohio (Cleveland)
## CRIMINAL DOCKET FOR CASE #: 1:09-mj-04050-NAV All Defendants
## Internal Use Only

Case title: United States of America v. Ouzts

Date Filed: 11/04/2009
Date Terminated: 11/04/2009

Assigned to: Magistrate Judge Nancy A. Vecchiarelli

### Defendant (1)

**Peter Ouzts**
*TERMINATED: 11/04/2009*

represented by **Carolyn M. Kucharski**
Office of the Federal Public Defender - Cleveland
Northern District of Ohio
750 Skylight Office Tower
1660 West Second Street
Cleveland, OH 44113
216-522-4856
Fax: 216-522-4321
Email: carolyn_kucharski@fd.org
*ATTORNEY TO BE NOTICED*
*Designation: Public Defender or Community Defender Appointment*

I hereby certify that this instrument is a true and correct copy of the original on file in my office.
Attest: Geri M. Smith, Clerk
U.S. District Court
Northern District of Ohio
By: [signature]
Deputy Clerk

| **Pending Counts** | **Disposition** |
|---|---|
| None | |

| **Highest Offense Level (Opening)** | |
|---|---|
| None | |

| **Terminated Counts** | **Disposition** |
|---|---|
| None | |

| **Highest Offense Level (Terminated)** | |
|---|---|
| None | |

| **Complaints** | **Disposition** |
|---|---|
| 18:371, Conspiracy to Commit False, Fraudulent, or Fictitious Claims; 18:287, False, Fradulent, or Fictitious Claims; 18:1001, False Statement to Government Agency | |

### Plaintiff

**United States of America**

represented by **Daniel J. Riedl**
Office of the U.S. Attorney - Cleveland

Northern District of Ohio
Ste. 400
801 Superior Avenue, W
Cleveland, OH 44113
216-622-3669
Fax: 216-522-8355
Email: daniel.riedl@usdoj.gov
*ATTORNEY TO BE NOTICED*

**Gary D. Arbeznik**
Office of the U.S. Attorney - Cleveland
Northern District of Ohio
Ste. 400
801 Superior Avenue, W
Cleveland, OH 44113
216-622-3756
Fax: 216-522-8355
Email: Gary.Arbeznik@usdoj.gov
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
| --- | --- | --- |
| 11/04/2009 | | Arrest (Rule 40) of Peter Ouzts on 11/04/2009. (G,W) (Entered: 11/05/2009) |
| 11/04/2009 | 1 | Rule 40 Warrant received as to Peter Ouzts. (Attachments: # 1 Indictment)(G,W) (Entered: 11/05/2009) |
| 11/04/2009 | | **Minutes of proceedings** [non-document] before Magistrate Judge Nancy A. Vecchiarelli. Initial Appearance in Rule 5(c)(3) Proceedings as to Peter Ouzts held on 11/4/2009. FPD Carolyn M. Kucharski appointed for the initial appearance only. Gary Arbeznik and Daniel Riedl for government. Identity hearing waived. Bond set at $50,000 unsecured with conditions. Defendant ordered to appear in the Northern District of California before Judge Seeborg on 11/19/2009 at 9:30 a.m. (Court Reporter: D. Bettis) Time: 09 Minutes. (G,W) (Entered: 11/05/2009) |
| 11/04/2009 | 2 | Waiver of Rule 5(c)(3) Hearing by Peter Ouzts. Identify Hearing waived. (G,W) (Entered: 11/05/2009) |
| 11/04/2009 | 3 | Appearance Bond Entered as to Peter Ouzts in amount of $50,000 Unsecured, with Conditions. (Attachments: # 1 Order Setting Conditions of Release) (G,W) (Entered: 11/05/2009) |
| 11/04/2009 | | (Court only) ***Case Terminated as to Peter Ouzts, ***Terminated defendant Peter Ouzts, pending deadlines, and motions. (G,W) (Entered: 11/05/2009) |
| 11/05/2009 | 4 | Receipt for Passport (USA) of Peter Ouzts received on 11/5/09, Receipt Number C225 (C,B) (Entered: 11/05/2009) |
| 11/05/2009 | 5 | Letter transferring case to the Northern District of California as to Peter Ouzts. (G,W) (Entered: 11/05/2009) |